D. Maimon Kirschenbaum
Yosef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

CV 13 - 0815

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICHARD PECCI, JUSTIN ESPOSITO, and
ANTHONY DIGIROLAMO, on behalf of
themselves and other similarly situated,

        Plaintiffs,

v.

PHILIPPE NORTH AMERICA
RESTAURANTS LLC, PHILIPPE JERICHO
LLC, PHILIPPE CHOW, and STRATIS
MORFOGEN,

        Defendants.
-----------------------------------------------------------x

INDEX NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.      Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conducts business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Philippe North America Restaurants LLC is a New York Corporation whose principal place of business is located in Manhattan. Upon information and belief, Philippe North America Restaurants LLC is a parent corporation that controls and directs the activities of the other Defendant corporations. Upon information and belief Philippe North America Restaurants LLC has an annual gross volume of sales in excess of $500,000.

6. Defendant Philippe Jericho LLC is a New York Corporation. Philippe Jericho LLC operated Philippe Restaurant in Jericho, New York ("Philippe Jericho") until the restaurant closed in March 2012. Upon information and belief Philippe Jericho LLC had an annual gross volume of sales in excess of $500,000.

7. Defendant Philippe Chow is co-owner and Executive Chef of Philippe North America Restaurants LLC and Philippe Jericho LLC. Upon information and belief, Defendant Chow exercises sufficient control of Philippe Jericho's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

8. Defendant Stratis Morfogen is co-owner and Chief Operating Officer of Philippe North America Restaurants LLC and Philippe Jericho LLC. Upon information and belief, Defendant Morfogen exercises sufficient control of Philippe Jericho's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

9. Defendant Chow and Defendant Morfogen are each part owners of Philippe North America Restaurants LLC and Philippe Jericho LLC.

10. Defendant Chow and Defendant Morfogen have the power to hire and fire Philippe Jericho employees.

11. Philippe Jericho's managers reported to Defendant Chow and Defendant Morfogen.

12. Defendant Chow and Defendant Morfogen were actively involved in managing Philippe Jericho's operations. For example, Defendant Chow created the menu for the restaurant and would regularly inspect the kitchen in the restaurant. Defendant Morfogen hires and fires employees and oversees finances for the restaurant. Plaintiffs would regularly see Defendant Morfogen on the floor of the restaurant, where he would give orders and discipline employees.

13. Plaintiff Richard Pecci was employed by Defendants as a bartender at Philippe Jericho on 399 Jericho Turnpike in Jericho, NY from November 2010 until September 2011.

14. Plaintiff Justin Esposito was employed by Defendants as a server at Philippe Jericho on 399 Jericho Turnpike in Jericho, NY from May 2011 until March 2012.

3

15. Plaintiff Anthony Di Girolamo was employed by Defendants as a server and bartender at Philippe Jericho on 399 Jericho Turnpike in Jericho, NY from November 2010 until August 2011.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at Philippe Jericho in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available

from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs bring the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at Philippe Jericho in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

22. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were

subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)    Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law.

    b)    Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

    c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which

Defendants did not pay the Class members at all.

d) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

f) Whether Defendants properly compensated Plaintiffs' and Class members for overtime.

g) Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

## FACTS

27. Plaintiffs' consent to sue forms are attached hereto as Exhibit 1.

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that nonpayment of minimum wage, nonpayment of overtime and spread of hours premium, and improperly forcing and/or the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

30. Defendants unlawfully paid the Plaintiffs and Class Members an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

31. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants misappropriated portions of Plaintiffs' and Class Members tips. This misappropriation of tips also violated New York Labor Law.

32. Specifically, upon information and belief, Plaintiffs were required to pool their tips with managers at Philippe Jericho. Managers received tips as "captains," despite regularly performing managerial duties, including disciplining staff, hiring and firing employees, creating schedules, and administering payroll. For example, Reno Christou received tips at Philippe Jericho even though his title was "General Manager" and he regularly hired and fired employees, including Plaintiffs.

33. James "Jimmy" Ragonese received tips even though his title was "Manager" and he regularly hired and fired employees, including Plaintiffs.

34. Joe Carridi received tips even though his title was "Manager" and he regularly performed managerial duties, such as disciplining employees.

35. Additionally, upon information and belief, expediters received tips, despite the fact that expediters only performed duties in the kitchen and did not engage in direct customer service.

36. Plaintiffs' and the New York Class Members' workdays often lasted longer than 10 hours.

37. Defendants did not pay Plaintiffs and other Class Members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

38. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)

39. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

41. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

42. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

43. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

44. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

45. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

46. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

47. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

48. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants knowingly paid the Plaintiffs and members of the Class less than the New York State minimum wage.

50. Defendants did not pay Plaintiffs and members of the Class the New York minimum wage for all hours worked.

51. Defendants' failure to pay Plaintiffs and members of the Class the New York minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

52. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

53. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

54. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

55. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the members of the Class at the required overtime rate of one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

56. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages,

in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities,**
**N.Y. Lab. L. §§ 193, 196-d and 198-b**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

57. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all previous paragraphs.

58. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

60. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. Plaintiffs and the members of the Class regularly had workdays that lasted more than ten (10) hours.

62. Defendants willfully and intentionally failed to compensate Plaintiffs and members of the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

13

63. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SEVENTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§195, 198
### Brought by Plaintiffs on Behalf of Themselves and the Class)

64. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. Defendants did not provide Plaintiffs and the members of the Class with the notices required by N.Y. Lab. Law § 195.

66. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

       assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, New York  
       February 13 2013

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____  
D. Maimon Kirschenbaum  
Yosef Nussbaum  
233 Broadway, 5th Floor  
New York, NY 10279  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*